IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-153-GMS |
| | ) | |
| NOEL K. BANGO | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. On October 16, 2008, the Grand Jury for the District of Delaware indicted Noel Bango ("Bango") on one count of failing to register or update a registration as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of Title 18, United States Code, Section 2250(a). (D.I. 17.) On April 29, 2009, Bango pled guilty to Count One of the Indictment, which carries a maximum sentence of ten years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. (D.I. 42.) The court set Bango's sentencing hearing for July 30, 2009. (D.I. 43.)

2. On May 22, 2009, Bango filed a *pro se* motion to withdraw his guilty plea (the "motion to withdraw"). (D.I. 45.) In his motion, Bango seeks to withdraw his guilty plea due to what he characterizes as "misadvice, coercion, and deception by the Federal Public Defender's Office, and the government [*sic*] insistence on relying on inaccurate information as well as having made unsworn statements that's' [*sic*] false as well as misrepresentation upon the court, subsequent to the court having accepted defendant's plea." (*Id.* at 1.) Bango asserts that his guilty plea should be withdrawn because: (1) he is "innocent of the charges of failing to register;" (2) he received "ineffective

assistance of counsel;" and (3) after he entered his plea, the Government "misrepresented" his sex offender status to the court. (*Id.* at 4-5.)

3. Specifically, as to his claim of innocence, Bango contends that he did not "knowingly" fail to register and he was "register[e]d with the State of Delaware, at the time the government filed its indictment." (D.I. 45 at 4.) As to his claim of ineffective assistance of counsel, Bango contends that he would not have pled guilty, and would have proceeded to trial had his counsel: (1) "from the outset informed [him] that the judge is not obligated to abide with the 18-24 [month] sentencing guideline;" (2) not "misadvised [him] that the judge may take him into custody, whether or not he accepted the plea;" (3) not "threatened to get off [the] case when [he] insisted on proceeding with a jury trial;" and (4) not "failed to advise[] [him] that the government may fall short of proving that he knowingly failed to register."[1] (*Id.* at 4-5.) As to his allegations against the Government, Bango contends that, after he entered his guilty plea, the Government misrepresented to the court evidence that he "failed to register [as a sex offender] in North Carolina" in 2008, and that he was "designated a 'Sexual Violent Predator' in Florida, prior to his release from prison." (*Id.* at 5.) Bango further contends that granting his motion to withdraw will not prejudice the Government. (*Id.* at 6.)

4. After the court has accepted a defendant's plea of guilty, he cannot withdraw it on a "whim." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). Rather, he must show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). The Third Circuit has indicated that the defendant's burden in this context is "substantial." *United States v. Jones*, 336 F.3d 245, 252

---

[1] In further support of his motion to withdraw, Bango claims that his "facial expression" and "hesitation to promptly respond to the [court's] colloquy, during the plea hearing" were the result of him "having serious reservation in accepting the plea, as well as desire to proceed to trial". (D.I. 45 at 6.)

(3d Cir. 2003). There are three factors that the court must consider in determining whether the defendant has met the "fair and just reason" standard to withdraw a guilty plea, including: (1) a defendant's assertion of innocence; (2) the strength of a defendant's reasons for withdrawal; and (3) the prejudice to the government that could potentially result from a withdrawal. *Brown*, 250 F.3d at 815. Under this standard, the court considers the prejudice to the government only if the defendant satisfies the initial burden of establishing adequate grounds for withdrawal under the first two factors. *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995) (citing *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986)).

5. Here, after having considered the defendant's motion to withdraw, and the applicable legal standard, the court concludes that the defendant should not be permitted to withdraw his guilty plea. Bango has failed to meet the requisite standard. First, although Bango does now assert his innocence, he proffers only an unsupported claim of innocence. *Brown*, 250 F.3d at 818 ("Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [a] guilty plea[.]") Claims of innocence "'must be buttressed by facts in the record that support a claimed defense.'" *Id.* at 818 (citations omitted). Bango's unexplained blanket assertions of innocence are insufficient to justify withdrawal of his guilty plea. *See United States v. Darby*, No. 07-4608, 2009 U.S. App. LEXIS 8065, at *3 (3d Cir. April 13, 2009). Bango has also failed to specify any facts in the record to support his allegations that the Government misrepresented relevant facts to the court.[2] In addition, the court is not persuaded that Bango should be permitted to withdraw his guilty plea based

---

[2] These allegations are not relevant to the court's decision as to whether to permit the defendant to withdraw his guilty plea because, as the defendant admits, the alleged "misrepresentations" made to the court by the Government were made *after* the defendant entered his guilty plea.

on his claim of ineffective assistance of counsel. Specifically, Bango has not demonstrated that his attorney's advice was unreasonable, or that he suffered any prejudice as a result of any of the alleged "errors." *See Darby*, 2009 U.S. App. LEXIS 8065, at *3 ("A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors.") (quoting *Jones*, 336 F.3d at 253-54) (internal quotations omitted).

6. Given the foregoing, Bango's arguments do not meet the "fair and just" standard for permitting a defendant to withdraw his guilty plea.[3]

Therefore, IT IS HEREBY ORDERED that:

1. The defendant's motion to withdraw his guilty plea (D.I. 45) is DENIED.

2. The defendant shall appear for sentencing in this matter on **Thursday, July 30, 2009, at 2:00 p.m.**

Dated: May 28, 2009

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The court need not determine whether the government would be prejudiced by any withdrawal, as Bango has not shown that there is any reason to allow him to withdraw the plea. *See Jones*, 336 F.3d at 255 (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)).